UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIYAHU KHANKIN,<br><br>    Plaintiff,<br><br>v.<br><br>CSL BEHRING, L.L.C.,<br><br>    Defendant. | Case No. 24-cv-04030-SVK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 7 |

Plaintiff Eliyahu Khankin ("Plaintiff" or "Khankin") is a physician residing in Santa Clara County, California who in July 2021 began working as a remote employee for Defendant CLS Behring, L.L.C. ("Defendant" or "CSL Behring") as Executive Director of Clinical Pharmacology and Translational Development for the Transplant Therapeutic Area. Dkt. 1 (Complaint) ¶¶ 1, 12. Defendant, which is a Delaware limited liability company with corporate headquarters in Pennsylvania, is a biotechnology company that helps develop therapeutics for those living with serious and rare diseases. *Id.* ¶ 2. Defendant terminated Plaintiff's employment in October 2023. *Id.* ¶ 13. Following his termination, Plaintiff filed a charge of discrimination with the California Civil Rights Department, which issued a notice of right to sue to Plaintiff. *Id.* ¶ 9. Plaintiff filed this lawsuit for wrongful termination and other claims in Santa Clara County Superior Court on May 30, 2024. Dkt. 1. Defendant removed the case to this Court on July 3, 2024. *Id.* All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 8.

Now before the Court is Defendant's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 7. Plaintiff filed an opposition to the motion to dismiss (Dkt. 10), and Defendant filed a reply (Dkt. 31).

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. DISCUSSION

The complaint contains twelve causes of action: (1) Promissory Estoppel; (2) Unlawful Retaliation in Violation of Public Policy (Cal. Labor C. §§ 98.6, 232, 232.5, 1102.5); (3) Wrongful Termination in Violation of Public Policy; (4) Discrimination and Harassment (Cal. Gov't C. §§ 12940 *et seq.*); (5) Failure to Prevent and Investigate Discrimination and Harassment (Cal. Gov't C. §§ 12940 *et seq.*); (6) Failure to Provide Reasonable Accommodation (Cal. Gov't C. §§ 12940 *et seq.*); (7) Intentional Infliction of Emotional Distress; (8) Breach of Contract; (9) Breach of the Implied Covenant of Good Faith and Fair Dealing; (10) Unfair Business Practices (Cal. Bus. & Prov. C. § 17200 *et seq.*); (11) Invasion of Constitutional Right to Privacy (Cal. Const. Art I, § 1); and (12) Defamation (Cal. Civ. C. §§ 44-46). Dkt. 1. In the

2

present motion, Defendant argues that every cause of action should be dismissed for failure to allege the necessary elements of each cause of action. *See generally* Dkt. 7.

For the reasons discussed below, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** There is little material dispute between the Parties regarding the required elements of each cause of action; their dispute instead centers on whether Plaintiff has adequately pleaded those elements. *See generally id.*; Dkt. 10. Accordingly, to promote judicial efficiency and provide useful guidance to the Parties, this order focuses primarily on the deficiencies in the complaint. Plaintiff's request for punitive damages in connection with his promissory estoppel claim is **DISMISSED WITHOUT LEAVE TO AMEND.** It is not clear that the other deficiencies in the complaint cannot be cured by amendment, so Plaintiff is **GRANTED LEAVE TO AMEND** the complaint to address those other deficiencies. *See Eminence Capital*, 316 F.3d at 1052.

### A.     First Cause of Action (Promissory Estoppel)

Plaintiff's first cause of action for promissory estoppel is properly pleaded at this stage as an alternative to his breach of contract cause of action, and the Court therefore **DENIES** the motion to dismiss the first cause of action.[1]

### B.     Second Cause of Action (Unlawful Retaliation in Violation of Public Policy)

Plaintiff's second cause of action for unlawful retaliation in violation of public policy is **DISMISSED WITH LEAVE TO AMEND** due to the following deficiencies:

1. The complaint fails to sufficiently allege the protected actions that form the basis of Plaintiff's retaliation claim. *See Suarez v. Bank of Amer. Corp*, Case No. 18-cv-01202-MEJ, 2018 WL 2431473, at *15 (N.D. Cal. May 30, 2018).[2]

---

[1] As discussed in section II.L.2. below, Plaintiff's request for punitive damages in connection with the promissory estoppel claim is **DISMISSED WITHOUT LEAVE TO AMEND.**

[2] The Court finds *Suarez* particularly instructive because the complaint in that case was filed by the same attorney who represents Plaintiff in this case and contained many of the same causes of action asserted here.

a. The complaint alleges that Defendant terminated Plaintiff's employment in violation of public policy "because Plaintiff engaged in protected activity" and further alleges that Plaintiff "is informed and believes, and based thereon alleges, that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's disclosure of his disability." Dkt. 1 ¶¶ 51-52.[3] The complaint states that Plaintiff has "a hearing impairment and neurodivergence." *Id.* ¶ 15. Plaintiff alleges various conduct by employees of Defendant, including his superiors Ralph Preiss and Bill Mezzanotte, that in Plaintiff's view disregarded or failed to accommodate his disabilities. *See, e.g., id.* ¶¶ 15-17. However, Plaintiff does not allege whether, when, and how the alleged "disclosure of his disability" that is the basis of his second cause of action took place.

b. Elsewhere, the complaint alleges that Plaintiff objected to Defendant's administration of a personality test and "voiced concerns over unethical practices and discrimination within the company." *See, e.g., id.* ¶¶ 18-22. Again, however, the complaint lacks specifics about when and how Plaintiff made such concerns known to Defendant. Moreover, Plaintiff's second cause of action alleges that his termination was motivated by his "disclosure of his disability" (*id.* ¶ 52), not by his objections to the personality test or other company practices or conduct.

2. The complaint also lacks adequate facts that "connect the protected activities to the adverse action" taken against him. *Suarez,* 2018 WL 2431473, at * 15-16. The complaint contains a conclusory allegation that "Plaintiff is informed and believes, and based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's disclosure of his disability." Dkt. 1 ¶ 52. As discussed in the preceding paragraph, the complaint does not discuss the circumstances of Plaintiff's alleged disclosure of his

---

[3] The complaint repeatedly refers to "Defendants" in the plural, but the only Defendant in this action is CSL Behring. In addition, paragraph 137 of the complaint states that Plaintiff brings his unfair business practices claim "individually and on behalf of all others similarly situated," but the complaint is otherwise clear that Khankin is the sole Plaintiff and has not brought this case as a class action.

disability, nor does it contain other facts such as the timing of the events at issue to support an inference that his termination was substantially motivated by that disclosure or any other protected activity.

### C. Third and Fourth Causes of Action

Plaintiff's third cause of action for wrongful termination asserts an individual *Tameny* claim for wrongful termination in violation of public policy.  Dkt. 1 ¶¶ 57-64; *see also Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980).  His fourth cause of action asserts discrimination and harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Govt. C. §§ 12940 *et seq*.  Dkt. 1 ¶¶ 65-82.

A wrongful discharge claim may be premised on a FEHA violation.  *Suarez*, 2018 WL 2431473, at *16 (citations omitted).  The Court therefore first considers whether Plaintiff states a FEHA claim, then turns to whether he states a claim for wrongful termination.  *See id.*

#### 1. Fourth Cause of Action (Discrimination and Harassment)

Plaintiff's fourth cause of action for discrimination and harassment is **DISMISSED WITH LEAVE TO AMEND** due to the following deficiencies:

1. Plaintiff's fourth cause of action alleges that he was entitled under FEHA to protection against discrimination and harassment because he is "an employee who has a protected characteristic."  Dkt. 1 ¶ 71.  Earlier in the complaint, Plaintiff states that he has "hearing impairment and neurodivergence" (*id.* ¶ 15), but he never expressly alleges that those are the "protected characteristic" upon which his FEHA claim is based.  In an amended complaint, Plaintiff must clearly identify his alleged "protected characteristic."

2. To state a prima facie case of discrimination under FEHA, a plaintiff must show that the discrimination was a "substantial motivating factor" in the particular employment decision at issue.  *Suarez*, 2018 WL 2431473, at *17 (citations omitted).  The complaint contains only a conclusory allegation that Defendant's complained-of conduct "was substantially

5

motivated by the fact that Plaintiff has a protected characteristic." Dkt. 1 ¶ 77.  In his opposition to Defendant's motion to dismiss, Plaintiff argues that such motivation can be inferred by "temporal proximity" of his engagement in the alleged protected activity of "disclosing a disability" and his termination.  Dkt. 10 at 11 (citing *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 353-454 (2008)).  But as discussed in section II.B. above, the complaint lacks any specific allegations of whether, when, and how Plaintiff "disclosed his disability" to Defendant that would support the inference Plaintiff seeks.

3. Plaintiff's harassment claim is deficient because he does not specify which of Defendant's alleged conduct constitutes harassment.  *See Suarez*, 2018 WL 2431473, at *19.  An employee typically cannot recover for harassment that is "occasional, isolated, sporadic, or trivial" but must instead "show a concerted pattern of harassment of a repeated, routine, or a generalized nature." *Id.* (quoting *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006)).  From the complaint and Plaintiff's opposition to the motion to dismiss, it appears his harassment claim stems primarily from an alleged incident during a conference in Marburg, Germany, when his superior Bill Mezzanotte "approached Dr. Khankin with concerns about his engagement because Dr. Khankin sat with his head down." Dkt. 1 ¶ 15.  Plaintiff also alleges that another of his superiors, Ralph Preiss, referred to this "Marburg Incident" in Plaintiff's year-end review.  *Id.* ¶ 16.  Plaintiff does not offer enough specifics of the "Marburg incident" or the subsequent performance review to give rise to a plausible claim that Defendant's conduct was so severe or persuasive as to constitute harassment.  Again, absent any allegation that Mezzanotte or Preiss were aware of Plaintiff's disability and without further details concerning the alleged harassing conduct, the Court is not able to infer that the harassment was because of his disability.

### 2.   Third Cause of Action (Wrongful Termination in Violation of Public Policy)

Plaintiff's third cause of action for wrongful termination in violation of public policy is

6

**DISMISSED WITH LEAVE TO AMEND** due to the following deficiencies:

1. Plaintiff's third cause of action fails to identify the public policy that supports the claim. *See Suarez*, 2018 WL 2431473, at *20; *see also Stevenson v. Sup. Ct.*, 16 Cal. 4th 880, 894 (1997) (policy to support a wrongful discharge claim must meet certain requirements, including that it be "delineated in either constitutional or statutory provisions"). The complaint fails to specifically identify any such constitutional or statutory provision. In Plaintiff's opposition to the motion to dismiss, he appears to rely for support of his third cause of action on his allegations elsewhere in the complaint regarding alleged violations of FEHA and the Labor Code, as well as "additional specifics" such as alleged violations of employees' "privacy rights." *See* Dkt. 10 at 7-8. To the extent Plaintiff's third cause of action for wrongful termination in violation of public policy is premised on a violation of the California Labor Code or FEHA, the third cause of action fails for the same reasons discussed in sections II.B. and II.C.1 with respect to Plaintiff's second cause of action for unlawful retaliation and his fourth cause of action for discrimination and harassment. To the extent Plaintiff's wrongful termination claim is based on employees' privacy rights or other public policies, he must identify the relevant statute or provision in his wrongful termination claim. *See Suarez*, 2018 WL 2431473, at *20.

2. The third cause of action relies on vague references to Defendant's "conduct" described in unspecified other portions of the complaint. *See, e.g.,* Dkt. 1 ¶¶ 60-64. These vague references fail to provide the necessary factual support to give rise to a plausible claim for wrongful termination in violation of public policy.

### D.     Fifth Cause of Action (Failure to Prevent and Investigate Discrimination and Harassment)

Plaintiff's fifth cause of action for failure to prevent and investigation discrimination and harassment is **DISMISSED WITH LEAVE TO AMEND** for the following reason:

1. As discussed in section II.C. above, Plaintiff has not stated a claim for harassment or discrimination under FEHA.  "It necessarily follows that Plaintiff fails to state a failure to prevent claim under the same statute." *Suarez*, 2018 WL 2431473, at *21.

### E.     Sixth Cause of Action (Failure to Provide Reasonable Accommodation)

Plaintiff's sixth cause of action for failure to provide reasonable accommodation is **DISMISSED WITH LEAVE TO AMEND** for the following reason:

1. Although the sixth cause of action contains a conclusory statement that "Defendants were aware of Plaintiff's hearing impairment and neurodivergence" (Dkt. 1 ¶ 104), the Complaint does not contain factual allegations that Plaintiff informed Defendant of these conditions, let alone that he requested an accommodation.  *See Suarez*, 2018 WL 2431473, at *20.

### F.     Seventh Cause of Action (Intentional Infliction of Emotional Distress)

Plaintiff's seventh cause of action for intentional infliction of emotional distress is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1. The complaint does not state a plausible claim for intentional infliction of emotional distress because it fails to allege facts suggesting that Defendant's conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *See Suarez*, 2018 WL 2431473, at *26, 28.

2. The complaint also fails to allege facts indicating that the effects allegedly suffered by Plaintiff (*e.g.*, depression, anxiety, and lack of sleep (Dkt. 1 ¶ 118)) rose to the level that "no reasonable person in a civilized society should be expected to endure it," as necessary to support a claim for intentional infliction of emotional distress.  *See Suarez*, 2018 WL 2431473, at *26, 28.

### G. Eighth Cause of Action (Breach of Contract)

Plaintiff's eighth cause of action for breach of contract is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1. Plaintiff alleges that his employment contract with Defendant was "in writing and oral and implied-in-fact." Dkt. 1 ¶ 123.  However, due to Plaintiff's minimal and conclusory allegations "the Court cannot discern from the [complaint] the basis for the 'partly oral, partly written and partly implied-in-fact' portions of the contract." *Zody v. Microsoft Corp.*, No. 12-CV-00942-YGR, 2012 WL 1747844, at *4 (N.D. Cal. May 16, 2012).  In particular, the complaint lacks facts regarding the formation of the alleged contract.

2. Although Plaintiff alleges that his contract "provided that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits" (Dkt. 1 ¶ 123), the complaint does not identify the relevant terms (*e.g.*, the wages and fringe benefits) or explain where those terms were located (*e.g.*, in the Parties' alleged written contract, oral contract, or implied-in-fact agreement).  *See Zody*, 2012 WL 1747844, at *4; *see also Oliver v. Microsoft Corp.*, No. C 12-0943 RS, 2012 WL 12921299, at *2-3 (N.D. Cal. May 15, 2012).

### H. Ninth Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing)

Plaintiff's ninth cause of action for breach of the implied covenant of good faith and fair dealing is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1. The obligations imposed by the implied covenant of good faith and fair dealing are "measured by the provisions of the particular agreement at issue." *Zody,* 2012 WL 1747844, at *4 (quoting *Kuhn v. Dept. of General Services*, 22 Cal. App. 4th 1627, 1637 (1994)).  However, insofar as the employer's acts are directly actionable as a breach of contract, "a claim that merely re-alleges that breach as a violation of the covenant is superfluous." *Zody,* 2012 WL 1747844, at *4 (quoting *Guz v. Bechtel*, 24 Cal.4th 317 352 (2000)).  Because the claim for breach of the implied covenant of good faith and fair

9

dealing "focuses on whether the employer has engaged in bad faith with a motive to frustrate an employee's enjoyment of contract rights, an underlying contract must exist, by definition" and therefore "because the Court holds that the breach of contract claim must be dismissed, the implied covenant claim must follow suit." *Zody,* 2012 WL 1747844, at *4.

I.     **Tenth Cause of Action (Unfair Business Practices)**

Plaintiff's tenth cause of action for unfair business practices is **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1. An action to redress an unlawful business practice "borrows" violations of other laws, and "[w]here a plaintiff cannot state a claim under the 'borrowed' law, he or she cannot state a UCL claim either." *Suarez*, 2018 WL 2431473, at *31 (citing *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005)). Plaintiff's tenth cause of action alleges that "Defendant's violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice." Dkt. 1 ¶ 138; *see also id.* ¶ 149 ("As detailed above, Defendants' unlawful and unfair business practices include, but are not limited to, the following: terminating Plaintiff without good cause and denying him his contractually guaranteed severance package"). Even giving Plaintiff the benefit of the doubt that these statements in the complaint intend to refer to the Labor Code and/or FEHA, as discussed in sections II.B. and II.C. above, Plaintiff has failed to state a claim under those statutes, and thus he has also failed to allege an unfair business practice based on a violation of those other laws.

2. Plaintiff separately alleges that "Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim." Dkt. 1 ¶ 143; *see also id.* ¶ 148 ("Defendants committed 'fraudulent' business acts or practices by, among other things, engaging in conduct Defendant knew or should have known were likely to and did deceive the public, including Plaintiff"). Read in the context of the entire

10

complaint, the Court is unable to discern what allegedly fraudulent or deceptive conduct forms the basis of these allegations.

### J.     Eleventh Cause of Action (Invasion of Constitutional Right to Privacy)

Plaintiff's eleventh cause of action for invasion of the constitutional right to privacy is **DISMISSED WITH LEAVE TO AMEND** for the following reason:

1.  Plaintiff's eleventh cause of action cross-references "Defendant's violation of Plaintiff's constitutional right to privacy, as alleged herein."  Dkt. 1 ¶ 156.  From this vague allegation, the Court cannot discern what alleged acts of Defendant form the basis for Plaintiff's invasion of privacy claim.  For example, earlier in the complaint, Plaintiff alleges that "employee privacy rights" were violated by Defendant's disclosure of personality test results among employees (*id.* ¶¶ 19, 21) and also alleges that his superiors made unsolicited comments to others about Plaintiff's job performance and termination (*id.* ¶ 25).  Given the allegations elsewhere in the complaint on a variety of issues, Plaintiff's eleventh cause of action fails to sufficiently identify the acts alleged to constitute an invasion of privacy.

### K.     Twelfth Cause of Action (Defamation)

Plaintiff's twelfth cause of action for defamation is **DISMISSED WITH LEAVE TO AMEND** for the following reason:

1.  The allegation in paragraph 162 regarding the comment to Plaintiff's co-worker is sufficient at this stage of the litigation, notwithstanding that the comment may ultimately be determined to be privileged.  However, the allegation in paragraph 162 involving a statement to third party Uptal Patel is insufficient as there is no allegation of publication of a statement by Mezzanotte or Preiss.

### L. Prayer for Punitive Damages

1. Plaintiff seeks punitive damages in a number of causes of action that the Court has dismissed with leave to amend. *See, e.g.,* Dkt. 1 ¶¶ 56, 64, 80, 99, 109, 120, 159, 175. As currently pleaded, these causes of action do not support a claim for punitive damages. Moreover, Plaintiff also seeks punitive damages from CSL Behring on several of his claims, but a corporate employer's liability for punitive damages is "limited to instances where an officer, director, or managing agent has advance knowledge and consciously disregards, authorizes, or ratifies the wrongful conduct." *Kovalenko v. Kirkland & Ellis LLP*, No. 22-CV-05990-HSG, 2023 WL 5444728, at *13 (N.D. Cal. Aug. 23, 2023) (citing Cal. Civ. C. § 3294(b)). Although the complaint contains allegations that "[a]ll actions of Defendants and each of them, their agents, and employee, herein alleged were known, ratified ad approved by the Defendants and/or Defendants' managing agents, and each of them" (*see, e.g.,* Dkt. 1 ¶ 175, the complaint does not contain any factual allegations to support such broad and conclusory statements, such as an explanation of the positions of Preiss or Mezzanotte within CSL Behring or facts regarding the awareness or conduct of officers, directors, or managing agents within the company. Accordingly, Plaintiff's claims for punitive damages in connection with causes of action that have been dismissed are also **DISMISSED WITH LEAVE TO AMEND.**

2. Plaintiff also seeks punitive damages on his first claim for promissory estoppel, which the Court has not dismissed. *See* Dkt. 1 ¶ 38. Under California law, punitive damages are not recoverable on a claim for promissory estoppel. *Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-cv-06992-WHO, 2022 WL 17252589, at *5 (N.D. Cal. Nov. 28, 2022) (collecting cases). Accordingly, Plaintiff's claim for punitive damages in connection with his promissory estoppel cause of action is **DISMISSED WITHOUT LEAVE TO AMEND.**

12

### III. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. Defendant's motion to dismiss the second through twelfth causes of action is **GRANTED WITH LEAVE TO AMEND.**

2. Defendant's motion to dismiss Plaintiff's claims for punitive damages is **GRANTED**. Plaintiff has **LEAVE TO AMEND** his claims for punitive damages <u>except</u> with respect to his claim for punitive damages on the first cause of action for promissory estoppel, which is granted **WITHOUT LEAVE TO AMEND** and must be omitted from the amended complaint.

3. Except as expressly granted in the preceding paragraph, Defendant's motion to dismiss is **DENIED**.

4. If Plaintiff wishes to attempt to address the deficiencies identified in this order, he may file a First Amended Complaint ("FAC") no later than **October 8, 2024.**

5. Defendant must file a response no later than **fourteen (14) days** after the FAC is filed**.**

6. If Defendant responds by filing a motion to dismiss the FAC, the normal briefing schedule of Civil Local Rule 7-3 will apply. The Court will inform the parties if a hearing is necessary.

7. An Initial Case Management Conference will be held on **December 10, 2024 at 9:30 a.m.**, with a Joint Case Management Statement due on **December 3, 2024.**

**SO ORDERED.**

Dated: September 17, 2024

SUSAN VAN KEULEN
United States Magistrate Judge