1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIYAHU KHANKIN,

Plaintiff,

v.

CSL BEHRING, L.L.C.,

Defendant.

Case No. 24-cv-04030-SVK

**ORDER ON MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

Re: Dkt. No. 18

Plaintiff Eliyahu Khankin ("Plaintiff" or "Khankin") is a physician residing in Santa Clara County, California who in July 2021 began working as a remote employee for Defendant CLS Behring, L.L.C. ("Defendant" or "CSL Behring") as Executive Director of Clinical Pharmacology and Translational Development for the Transplant Therapeutic Area. Dkt. 17 (First Amended Complaint) ¶¶ 1, 11.[1] Defendant, which is a Delaware limited liability company with corporate headquarters in Pennsylvania, is a biotechnology company that helps develop therapeutics for those living with serious and rare diseases. *Id.* ¶ 2. Defendant terminated Plaintiff's employment in October 2023. *Id.* ¶ 12. Following his termination, Plaintiff filed a charge of discrimination with the California Civil Rights Department, which issued a notice of right to sue to Plaintiff. *Id.* ¶ 8. Plaintiff filed this lawsuit for wrongful termination and other claims in Santa Clara County Superior Court on May 30, 2024. Dkt. 1. Defendant removed the case to this Court on July 3, 2024. *Id.* All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 8.

On September 17, 2024, the Court granted in part and denied in part Defendant's motion to

---

[1] The paragraph numbering in the FAC is off; specifically, the paragraphs following paragraph 207 of the FAC are numbered as paragraphs 136 *et seq.* See Dkt. 17 at p. 79 *et seq.* Accordingly, there are duplicate paragraphs 136-182 in the FAC. In addition, paragraph 100 of the FAC is blank. This order attempts to clarify which set of duplicate paragraphs are cited by citing page numbers in the FAC where necessary. Plaintiff is directed to ensure that the paragraph numbering in any Second Amended Complaint is correct.

dismiss Plaintiff's original complaint. Dkt. 15. Plaintiff subsequently filed the FAC. Dkt. 17. Now before the Court is Defendant' motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 18. Plaintiff filed an opposition to the motion to dismiss (Dkt. 19), and Defendant filed a reply (Dkt. 20).

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

## I.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II.     REQUEST FOR JUDICIAL NOTICE

With his opposition to the motion to dismiss, Plaintiff filed a request that the Court take judicial notice of documents from a state court case, *Majo Sony Interactive Entertainment,* San Mateo County Sup. Ct. Case No. 22-CIV-02057. Dkt. 19-1. The briefs on the present motion

United States District Court
Northern District of California

1  to dismiss the FAC cite the *Majo* case in only one place:  footnote 1 in Plaintiff's opposition brief,

2  which states that "the Court referenced" the *Majo* case.  Dkt. 19 at 1 n.1.  However, Plaintiff's

3  brief does provide a citation for the Court's purported reference to *Majo* and the Court finds no

4  such reference to *Majo* in its order on the motion to dismiss the original complaint in this case.

5  *See* Dkt. 15.  In any event, the Court does not find it necessary to consider the procedural posture

6  of *Majo* in deciding the present motion, and Plaintiff's request for judicial notice at Dkt. 19-1 is

7  therefore **DENIED**.

## III.    DISCUSSION

9       The FAC contains twelve causes of action:  (1) Promissory Estoppel; (2) Unlawful

10  Retaliation in Violation of Public Policy (Cal. Labor C. §§ 98.6, 232, 232.5, 1102.5); (3) Wrongful

11  Termination in Violation of Public Policy; (4) Discrimination and Harassment (Cal. Gov't C.

12  §§ 12940 *et seq.*); (5) Failure to Prevent and Investigate Discrimination and Harassment

13  (Cal. Gov't C. §§ 12940 *et seq.*); (6) Failure to Provide Reasonable Accommodation

14  (Cal. Gov't C. §§ 12940 *et seq.*); (7) Intentional Infliction of Emotional Distress; (8) Breach of

15  Contract; (9) Breach of the Implied Covenant of Good Faith and Fair Dealing; (10) Unfair

16  Business Practices (Cal. Bus. & Prov. C. § 17200 *et seq.*); (11) Invasion of Constitutional Right to

17  Privacy (Cal. Const. Art I, § 1); and (12) Defamation (Cal. Civ. C. §§ 44-46).  Dkt. 17.  In the

18  present motion, Defendant challenges all except the first cause of action on the grounds that

19  Plaintiff has failed to allege the necessary elements of those causes of action.  *See generally* Dkt.

20  18.

21       For the reasons discussed below, Defendant's motion to dismiss is **GRANTED IN PART**

22  **AND DENIED IN PART.**  It is not clear that the deficiencies in the dismissed causes of action

23  cannot be cured by amendment, so those causes of action are **DISMISSED WITH LEAVE TO**

24  **AMEND**.  *See Eminence Capital*, 316 F.3d at 1052.

25       There is little material dispute between the Parties regarding the required elements of each

26  cause of action; their dispute instead centers on whether Plaintiff has adequately pleaded those

27  elements.  *See generally id.*; Dkt. 19.  Accordingly, to promote judicial efficiency and provide

28  useful guidance to the Parties, this order focuses primarily on the deficiencies in the FAC.

*United States District Court*
*Northern District of California*

**A.    Sixth Cause of Action (Failure to Provide Reasonable Accommodation)**

Plaintiff's sixth cause of action for failure to provide reasonable accommodation is

**DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1.    One element of a claim under FEHA for failure to reasonably accommodate a disabled employee is that the employee is qualified to perform the essential functions of the position. *Archal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 798 (N.D. Cal. 2015) (citing *Scotch v. Art Inst. Of Cal. – Orange Cnty., Inc.,* 173 Cal. App. 4th 986, 1010 (2009)).  In the motion to dismiss, Defendant argued that Plaintiff's allegations regarding his qualifications to perform his job are conclusory.  Dkt. 18 at 13-14.  Plaintiff failed to respond to this argument in his opposition brief.  *See* Dkt. 14-15. Accordingly, the Court finds that the allegations regarding Plaintiff's qualifications are insufficient.

2.    The FAC does not contain sufficient factual allegations that Defendant failed to reasonably accommodate Plaintiff's disability.  The FAC states that (1) Defendant offered to seat Plaintiff in the front of the room at future meetings because of his hearing impairment; (2) Plaintiff explained that sitting in the front of the room would create reduced visibility for lip reading; and (3) Plaintiff explained that sitting in the back would be easiest for his hearing impairment.  FAC ¶ 159 (Dkt. 17 at 63).  The FAC does not state that Defendant refused to allow Plaintiff to sit in the back of the room during meetings and does not otherwise contain sufficient allegations showing that Defendant failed to provide a reasonable and effective accommodation.  *See generally Achal*, 114 F. Supp. 3d at 799.

**B.    Tenth Cause of Action (Unfair Business Practices)**

The tenth cause of action for unfair business practices is sufficient insofar as it alleges claims under the "unlawful" and "unfair" prongs of the California Unfair Competition Law

1  ("UCL").  However, this cause of action is **DISMISSED <u>IN PART</u> WITH LEAVE TO**

2  **AMEND** for the following reason:

3       1.  The FAC fails to allege a claim under the UCL's "fraudulent" prong because it

4           does not adequately identify fraudulent or deceptive conduct that could be the basis

5           for such a claim.  In a second amended complaint, Plaintiff must either provide

6           additional support for a claim under the fraudulent prong or remove such

7           allegations from the complaint.

8

9       **C.      Eleventh Cause of Action (Invasion of Constitutional Right to Privacy)**

10      Plaintiff's eleventh cause of action for invasion of the constitutional right to privacy is

11  **DISMISSED WITH LEAVE TO AMEND** for the following reason:

12      1.  The FAC does not sufficiently allege facts that plausibly allege that the personality

13          test (which the FAC sometimes refers to as a "performance test" – *see* FAC ¶ 139

14          (Dkt. 17 at 80)) invaded Plaintiff's privacy rights.  The FAC alleges in a conclusory

15          and speculative fashion, without sufficient supporting factual allegations, that the

16          personality test "may reveal details about an individual's disabilities" and "could

17          expose sensitive medical details."  *See, e.g.,* FAC ¶ 157 (Dkt. 17 at 84).  Even

18          considering this claim in light of the allegations at FAC ¶¶ 18-20, the FAC fails to

19          allege sufficient facts that Defendant disclosed private information or otherwise

20          intruded into Plaintiff's privacy "in a manner highly offensive to a reasonable

21          person."  *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)

22          (granting motion to dismiss claim for invasion of privacy where plaintiffs "failed to

23          allege sufficient facts to establish a highly offensive disclosure of information or a

24          'serious invasion' of a privacy interest").

25

26      **D.      Other causes of action**

27      As mentioned above, Defendant does not challenge the first cause of action in the FAC

28  (promissory estoppel).  The Court concludes that each of the following causes of action that are

United States District Court
Northern District of California

the subject of the motion to dismiss the FAC plausibly allege a legal claim upon which relief can be granted: 2 (retaliation), 3 (wrongful termination), 4 (discrimination and harassment), 5 (failure to prevent and investigate discrimination and harassment), 7 (intentional infliction of emotional distress), 8 (breach of contract), 9 (breach of implied covenant of good faith and fair dealing), and 12 (defamation). Defendant's motion to dismiss those causes of action is **DENIED**.

Defendant's motion to dismiss Plaintiff's claim for punitive damages is also **DENIED**. Assuming the factual claims to be true at this procedural stage, it is plausible that Plaintiff could be awarded punitive damages.

**IV.  CONCLUSION**

For the reasons discussed above, the Court **ORDERS** as follows:

1. Defendant's motion to dismiss the 6th (failure to provide reasonable accommodation) and 11th (invasion of privacy) causes of action in the FAC is **GRANTED WITH LEAVE TO AMEND**.

2. Defendant's motion to dismiss the 10th (unfair business practices) cause of action in the FAC is **GRANTED <u>IN PART</u> WITH LEAVE TO AMEND.**

3. Defendant's motion to dismiss is **DENIED** as to all remaining causes of action and as to the claim for punitive damages.

4. If Plaintiff wishes to attempt to address the deficiencies identified in this order, he may file a Second Amended Complaint ("SAC") no later than **January 17, 2025.** The SAC must (1) include correct paragraph numbering; and (2) attach as an exhibit a redline comparing the SAC to the FAC.

5. Defendant must file a response no later than **fourteen (14) days** after the SAC is filed.

6. If Defendant responds by filing a motion to dismiss the SAC, the normal briefing schedule of Civil Local Rule 7-3 will apply. The Court will inform the Parties if a hearing is necessary.

////

////

United States District Court
Northern District of California

7. An Initial Case Management Conference will be held on **March 11, 2025 at 9:30 a.m.**, with a Joint Case Management Statement due on **March 4, 2025**.

**SO ORDERED.**

Dated: December 17, 2024

_____

SUSAN VAN KEULEN
United States Magistrate Judge