UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIYAHU KHANKIN,

Plaintiff,

v.

CSL BEHRING, L.L.C.,

Defendant.

Case No. 24-cv-04030-SVK

**ORDER RE DISCOVERY DISPUTE AT DKT. 48**

Re: Dkt. No. 48

Before the Court is the Parties' Joint Submission pursuant to which Plaintiff seeks a 30(b)(6) deposition and substantive responses to several Interrogatories and Requests for Production ("RFP"s). Defendant's primary response is that Plaintiff has failed to meet and confer regarding these issues as required by this Court's standing order. Discovery closes on February 27, 2026. Dkt. 42. The Court has reviewed the Joint Submission, the litigation history and the relevant law, including Federal Rule of Civil Procedure 26 and the controlling standing order, and determines that this matter may be resolved without oral argument. Civ.L.R.7-1(b).

**1. 30(b)(6) Deposition**

In a prior order, this Court "granted Plaintiff's request to take the deposition of Ethan Schwartz regardless of whether that deposition exceeds the limit of 10 depositions per side." Dkt. 42. The Court did not, as Plaintiff suggests, more generally expand his deposition limit to eleven. Although not entirely clear, it now appears that Plaintiff seeks to take a 30(b)(6) deposition in place of the Schwartz deposition. Dkt. 48 at 2. Defendant complains about the need for a 30(b)(6) deponent and Plaintiff's failure to meet and confer on this issue but acknowledges that an amended notice was timely served on January 26, 2026. *Id*. at 5. Accordingly, as discovery has not yet closed in this matter, the Court **ORDERS** as follows:

- Plaintiff must abide by the ten deposition limit; the only exception is for the Schwartz

deposition;

- Plaintiff may proceed with a 30(b)(6) deposition, PROVIDED that i) it is within the ten deposition limit, and ii) Plaintiff meets and confers with Defendant regarding the scope of the 30(b)(6) notice as directed below;

- The 30(b)(6) deposition to be completed **no later than March 9, 2026**.

## 2.   Written Discovery

Plaintiff does not dispute Defendant's representations that i) Defendant responded in September 2025, to Plaintiff's concerns regarding Defendant's responses to written discovery; ii) Defendant offered at that time to meet and confer;  iii) Plaintiff failed to raise its concerns in subsequent meet and confer discussions regarding depositions;  iv) Plaintiff did not revisit concerns regarding written discovery responses until January 2026, at which time he informed Defendant he would proceed with the Joint Submission.  Dkt. 48 and 6-7.  In sum, Plaintiff concedes his failure to diligently pursue a resolution to discovery disputes, as required by the Court.  However, discovery has not yet closed, and the Local Rules allow disputes to be raised with seven days of the discovery cut-off.  Civ. L.R. 37-4.  Accordingly, the Court rules on certain of the disputed requests on the record before it.  The Court's reasoning and rulings are set forth in Attachment A.  Additionally, as to Interrogatory nos. 16 and 17 and RFPs nos. 40 and 41, the Parties are **ORDERED** to meet and confer as directed below.

## 3.   Meet and Confer and Supplemental Responses and Production of Documents

**No later than February 25, 2026** the Parties are to meet and confer either in person or by video conference as to the disputed 30(b)(6) categories and discovery responses indicated above. Supplemental, <u>verified</u> interrogatory responses and production of documents to be served **no later than March 9, 2026**.

**SO ORDERED.**

Dated: February 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

2

United States District Court
Northern District of California